Jerry L. HENSON, Petitioner,

v.

SOUTHERN FARM BUREAU CASU-
ALTY INSURANCE COMPANY and
Texas Farm Bureau Mutual Insur-
ance Company, Respondents.

No. 99–0453.

Supreme Court of Texas.

Argued Feb. 9, 2000.

Decided April 13, 2000.

Kenneth D. Cowling, Lubbock, for peti-
tioner.

James L. Wharton, G. Douglas Welch,
Lubbock, for respondents.

Justice ENOCH delivered the opinion
for a unanimous Court.

The question is whether an insurer,
obligated to pay uninsured/underinsured
benefits, owes on top of those benefits
prejudgment interest to be computed ei-
ther from 180 days after a demand for
those benefits has been made, or from the
day a suit is filed for those benefits. Be-
cause uninsured/underinsured insurers do
not breach their contractual obligation to
pay until tort liability is established, we
conclude that prejudgment interest begins
running from the date liability of the unin-
sured/underinsured motorist is established.
Consequently, Texas Farm Bureau Mutual
Insurance Company and Southern Farm
Bureau Casualty Insurance Company do
not owe Jerry Henson prejudgment inter-
est on top of the uninsured/underinsured
benefits.

On March 3, 1991, Henson was a passen-
ger in a truck driven by Robert Millican.
Henson was injured when the truck collid-
ed with a truck driven by Consuelo Contr-
eras. In March 1991, Henson submitted
his claim to his insurance carrier, Texas
Farm Bureau Mutual Insurance Company,
and Millican's insurance carrier, Southern
Farm Bureau Casualty Insurance Compa-
ny, for uninsured/underinsured motorists
benefits. In February 1993, Henson and
his wife sued both Millican and Contreras
for negligence. They also sued Texas

Farm Bureau and Southern Farm Bureau for the uninsured/underinsured motorists benefits.

Without establishing liability, but with the insurers' permission, the Hensons settled with Contreras for $20,000, the limits of her liability policy. Before proceeding to trial against Millican, the claim against the insurers was severed, and the insurers agreed to be bound by the judgment rendered in the negligence action against Millican. The agreement also provided that the insurers had thirty days before the judgment would be binding against them. The jury attributed 100% of the negligence that caused the collision to Contreras, and fixed Henson's damages at $133,842.13. The court then entered a take-nothing judgment as to Millican.

Within thirty days of the judgment, the insurers tendered $45,000, the combined uninsured/underinsured motorist policy limits, to Henson. But he refused the tender, demanding prejudgment interest on top of the benefits. In the severed action, the insurers then filed an amended answer, denying that Henson met all conditions precedent required by the contract prior to the judgment in the tort action, and specifically denying that Henson was entitled to prejudgment interest. With their amended answer, the insurers paid the policy benefits into the court's registry.

Henson moved for judgment and summary judgment, and the insurers moved for summary judgment. The trial court denied both of Henson's motions and granted the insurers' motion, ordering that Henson recover from Texas Farm its uninsured/underinsured policy limits of $25,000, and from Southern Farm the uninsured/underinsured policy limits of $20,000, plus interest accrued while in the court's registry, "in full satisfaction of this judgment."

Henson believes that our previous holdings on prejudgment interest and sections 2 and 6 of article 5069–1.05 of the Texas Revised Civil Statutes [1] entitle him to prejudgment interest of ten percent on the uninsured/underinsured motorist benefits computed from 180 days after he made demand for the benefits.

But Henson conflates two prejudgment interest concepts. There is no doubt that if Henson were recovering directly from Contreras, the judgment would include prejudgment interest. And the insurers do not dispute that had the trial court awarded prejudgment interest against the tort defendants, the insurers would be obligated to pay the entire judgment including that portion awarded for prejudgment interest, to the extent of policy limits.[2] But here, Henson is seeking to recover prejudgment interest based not on the tortfeasor's obligations, but upon the insurance companies' obligations. Unlike the relationship between Henson and Contreras, which is that of injured party and tortfeasor, the relationship between Henson and the insurers is that of contracting parties. Consequently, their respective duties are established by the contract.

Under the policies, the insurance companies are obligated to pay the uninsured/underinsured motorist's shortfall to the extent of the policy limits. The Texas Farm policy limits were $25,000 per person and $50,000 per accident; the Southern Farm policy limits were $20,000 per person and $40,000 per accident. Both policies stated:

> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an [uninsured/underinsured] motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident. The owner's or operator's liability for these damages

---

1. TEX.REV.CIV. STAT. art. 5069–1.05 §§ 2 and 6 have been subsequently recodified at TEX. FIN. CODE §§ 304.003, .006, and 304.102.

2. TEX.REV.CIV. STAT. art. 5069–1.05 §§ 2 and 6; *see Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 529–30 (Tex. 1998).

must arise out of the ownership, maintenance, or use of the uninsured motor vehicle.

We have emphasized that prejudgment interest is awarded not to punish the defendant, but to fully compensate the injured party.[3] The insurers owe prejudgment interest on top of the policy benefits only if they withheld those benefits, in breach of the insurance contracts. In that case, the injured insured would have lost the use of funds that he would otherwise have had, and prejudgment interest would compensate for the time the proceeds were withheld.

Here, Henson has failed to demonstrate that the insurers were obligated to pay the benefit at any time earlier than they did. In his brief, Henson appears to concede that the insurer's obligation to pay did not arise until the first judgment was rendered, stating that the trial court's entry of judgment "had the effect of entitling Mr. Henson to recover the respective sums of $20,000 and $25,000 from Southern Farm Bureau and Texas Farm Bureau, by reason of the ... stipulation."[4] He fails to specify any point earlier than rendition of the judgment that a breach of contract could have occurred. We infer from his insistence that the prejudgment interest accrued either 180 days after he gave notice of the claim, or the day he filed suit against the companies, that he believes the obligation to pay arose either at the time he filed his claim, or at the time he filed suit against the insurers. But neither of these events, the claim itself or filing suit, triggers an obligation to pay.

In this case, Henson settled with Contreras for $20,000, the limits of her liability insurance policy, and released her from any further claims. Because the jury could have found that Contreras was not at fault, or that the damages resulting from her actions did not exceed her policy limits, the settlement alone did not establish that Henson was entitled to recover from the uninsured/underinsured insurers.

In fact, though, the jury found the entire losses to be inflicted by Contreras, and fixed the amount of those losses at $133,842.13. The policies provided that the insurers will pay damages that a covered person is legally entitled to recover from an uninsured/underinsured motorist. When the jury found Contreras at fault for the accident and found Henson damaged by her negligence, Henson became legally entitled to recover from her. And because the damages exceeded Contreras' liability policy limits, Henson became entitled to the uninsured/underinsured motorist policy benefits, up to the policy limits. By the terms of the policies, no obligation to pay the claim existed until the jury established Contreras' liability. And the insurers paid the claim promptly after the jury made its findings. Because no contractual duty was breached, Henson had no right to receive the benefits earlier than he in fact received them. Therefore no compensation is due for lost use of the funds. Thus Henson is not entitled to prejudgment interest on top of the benefits he is otherwise entitled to receive from the insurers.

The judgment of the court of appeals is affirmed.

---

**3.** *Johnson & Higgins,* 962 S.W.2d at 528.

**4.** Petitioner's brief on the merits at 4.