**In re Leticia ARRAS.**

**No. 08–00–00133–CV.**

Court of Appeals of Texas,
El Paso.

May 25, 2000.

Angela Morrow Nickey, Robles, Bracken, Coffman & Hughes, L.L.P., El Paso, for Relator.

Charles Dunn, Dunn & Walker, Lubbock, Peter S. Peca, Jr., Jeff H. Ray, Ray, McChristian & Jeans, P.C., El Paso, for Respondent.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

CHEW, Justice

This is an original proceeding in mandamus. Petitioner, Leticia Arras, seeks protective relief from this Court. The trial court ordered Arras, a claims representative for State Farm, to submit to deposition by Real Parties in Interest Anna Gonzalez, Esperanza Gonzalez, and Diana Perez ("Plaintiffs"). We conditionally grant relief.

The underlying lawsuit involves a car accident. Plaintiffs sued Real Party in Interest Robert Ivins for negligence in connection with a car accident. Ivins was allegedly driving an automobile owned by Real Party in Interest Priscilla Jones. Jones' car was insured by State Farm Mutual Automobile Insurance Company.

Plaintiffs have attempted to depose Arras on several occasions. She is not a party to the suit, nor is State Farm. Plaintiffs first attempted to depose Arras on November 30, 1999. Arras filed a Motion for Protective Order based on an invalid subpoena and improper service of documents, and the deposition was canceled. Plaintiffs again attempted to depose her on December 17, 1999. Plaintiffs included a subpoena ordering Arras to produce documents listed on an Exhibit "A," however no Exhibit "A" was attached to the subpoena. Arras again sought protection from the subpoena on the ground that the trial court did not have jurisdiction because Ivins had not yet been served. Thereafter, Ivins was served and Arras' second Motion for Protective Order was denied.

Plaintiffs again subpoenaed Arras and included a list of the documents they wished to discover from her. The documents were listed as follows:

1. All documents reflecting the current address and phone number of Robert Ivins;

2. All documents reflecting the current address and phone number of Priscilla Jones;

3. All documents reflecting the names of persons with relevant facts of the auto accident the subject of this suit and State Farm claim number 43–R096–351;

4. All documents reflecting insurance coverage for the 1983 white Cadillac Fleetwood owned by Priscilla Jones and the subject of this suit;

5. All witness statements taken from any witness to the accident the subject of this suit and State Farm claim number 43–R096–351.

Arras filed a third Motion to Quash and for Protective Order seeking protection from the deposition. After a hearing on February 24, 2000, the trial court ordered Arras to appear for deposition at 9 a.m. on March 31, 2000 with the subpoenaed documents. The trial court entered its written order on March 17, 2000.

■ Mandamus will lie only to correct a clear abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 840 ( Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *See id.*

■ Petitioner presents one issue: Did the trial court abuse its discretion by failing to issue a protective order to prevent

the deposition of a non-party to a lawsuit where the non-party conclusively established her right to protection under the mandatory language of Tex.R.Civ.P. 192.4?

Arras argues that the trial court clearly failed to analyze and apply the law to the facts correctly. She argues that Rule 192.4 is a mandatory directive and the evidence presented at the hearing on her motion conclusively established the circumstances contemplated by the rule. The rule at issue provides:

> The discovery methods permitted by these rules should be limited by the court if it determines, on motion or on its own initiative and on reasonable notice, that:
>
> (a) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or
>
> (b) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Tex.R.Civ.P. 192.4.

Arras contends the word "should" in Rule 192.4 is a directive to the trial court to limit discovery when either subsection is satisfied. We agree.

Here, the information sought by Plaintiffs is clearly obtainable from some other source that is more convenient, less burdensome, or less expensive. Plaintiffs have numerous options in the forms of discovery available. *See* Tex.R.Civ.P. 192.1. Among the more convenient, less burdensome, and less expensive forms available to Plaintiffs are requests for disclosure, requests for production, interrogatories, requests for admission, and written depositions from Real Parties in Interest/Defendants Jones and Ivins. *See* Tex.

R.Civ.P. 192.1. In fact, Plaintiffs have received the exact information sought from Arras in Jones' and Ivins' Responses to Request for Disclosure. Thus, the information sought via deposition and subpoena duces tecum is unreasonably cumulative and/or duplicative.

Moreover, at the hearing, the trial court commented,

> The only problem that I see for the plaintiff in getting this information from the carrier is the carrier is not a party and nothing they get from him is going to be binding on the parties when it goes to trial. So it seems to me like it's not only *not* the best way to get it, it's the most *least effective* way to get it as far as the plaintiff wants to go, but if he wants to get it that way, I'm going to go ahead and let him. [Emphasis added].

This seems to indicate that even the trial court believed there was a more convenient and efficient way to obtain the information sought by Plaintiffs and that the burden or expense of the proposed discovery outweighs its likely benefit. *See* Tex. R.Civ.P. 192.4.

■ Since Arras is not a party to this action, she could not appeal from a judgment in the case. No other adequate remedy has been suggested, and we are not aware of any other method whereby Arras could prevent her deposition. *See, e.g., Martin v. Khoury,* 843 S.W.2d 163, 165 (Tex.App.—Texarkana 1992)(orig.proceeding).

We therefore conditionally grant Relator's petition for writ of mandamus. We are confident the trial court will comply with this order, the writ will not issue unless it fails to vacate the order of March 17, 2000.