Opinion issued April 27, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00174-CV




ROBERT MARLEY, Appellant

V.

ALLSTATE INSURANCE COMPANY, Appellee




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2002-60190




MEMORANDUM OPINION
 
          Appellant, Robert Marley, challenges the trial court’s judgment in favor of
appellee, Allstate Insurance Company. In his sole issue, Marley contends that the
trial court erred by failing to add prejudgment interest to his damage award before
offsetting the award with settlement credits and personal injury protection benefits. 
We affirm the judgment of the trial court.
Background
          Marley was involved in an automobile accident with Christina Zamora. 
Zamora settled with Marley for $25,000 and signed a release of all claims against her. 
Allstate, Marley’s automobile insurance carrier, also paid Marley $2,934 under the
personal injury protection (“PIP”) provision of his automobile policy. Later, Marley
sued Allstate for underinsured motorist (“UIM”) benefits and alleged that Allstate had
breached its duty of good faith and fair dealing.Following a trial, the jury found in favor of Marley and awarded him $25,058



in actual damages and $7,500 in attorney’s fees. Marley moved for the judgment to
be entered and requested that he receive prejudgment interest in the amount of
$6,099.12, which the tortfeasor would have been obligated to pay in a direct action. 
The trial court denied Marley’s request for prejudgment interest and rendered a take-
nothing judgment against him because the damages awarded by the jury did not
exceed the sum of Zamora’s liability limits plus the PIP benefits Allstate paid him. 
Allstate paid Marley $1,712.85 in taxable court costs, as ordered by the trial court.Prejudgment Interest
          In his sole issue, Marley contends that the trial court erred by failing to add
prejudgment interest to his damage award before offsetting the award with settlement
credits and personal injury protection benefits. Specifically, Marley argues that a
judgment in a UIM claim must include, as part of the damage award, the prejudgment
interest that the tortfeasor would have been obligated to pay in a direct action to the
extent that such additional damages do not exceed appellant’s UIM policy limit. We
disagree.
          We review a challenge to a trial court’s decision regarding prejudgment interest
using an abuse-of-discretion standard, giving limited deference to the trial court’s
application of the law to the facts. Purcell Constr., Inc. v. Welch, 17 S.W.3d 398, 402
(Tex. App.—Houston [1st Dist.] 2000, no pet.). Under this standard, we will not
disturb a trial court’s findings on factual issues unless the trial court reasonably could
have reached only one decision and it failed to do so. Walker v. Packer, 827 S.W.2d
833, 839–40 (Tex. 1992). However, “a trial court has no discretion in determining
what the law is or applying the law to the facts.” Id. at 840.
          A trial court “is permitted, but not required, to award prejudgment interest
under the authority of a statute . . . or under an equitable theory, or under both.” 
Larcon Petroleum, Inc. v. Autotronic Sys., Inc., 576 S.W.2d 873, 879 (Tex. Civ.
App.—Houston [14th Dist.] 1979, no writ); see also Johnson & Higgins of Tex., Inc.
v. Kenneco Energy, Inc., 962 S.W.2d 507, 528 (Tex. 1998) (stating that two legal
sources for an award of prejudgment interest include general principles of equity and
an enabling statute).
          Here, we cannot say that the trial court abused its discretion by not awarding
prejudgment interest to Marley, and he has not identified any statute or contractual
provision supporting an award of prejudgment interest. In his brief, Marley directs
us to a statute that allows a judgment in wrongful death, personal injury, or property
damage cases to earn prejudgment interest. See Tex. Fin. Code Ann. §304.102
(Vernon Supp. 2005).


 Marley argues that this statute allows prejudgment interest to
be awarded as additional damages. This statute, however, does not apply to Marley’s
case against his insurer, Allstate. 
          The Texas Supreme Court has previously addressed the issue of whether an
insurer owes prejudgment interest in addition to policy benefits under
uninsured/underinsured motorists policies. Henson v. Southern Farm Bureau Cas.
Ins. Co., 17 S.W.3d 652, 653–54 (Tex. 2000). The court held in Henson that the
relationship between the insured and his insurance company was that of contracting
parties, and therefore, their respective duties were established by the insurance
contract. Id. at 653.


 The court concluded that, because prejudgment interest is
awarded not as punishment for the defendant, but to fully compensate the injured
party, “the insurers owe prejudgment interest on top of the policy benefits only if they
withheld those benefits, in breach of the insurance contract.” Id. at 654. Because no
contractual duty was breached in that case, the court found that Henson was not
entitled to receive prejudgment interest on top of the benefits that he was otherwise
entitled to receive from the insurers. Id.



          Like the parties in Henson, the relationship between Marley and Allstate is that
of contracting parties. Thus, section 304.102 of the Texas Finance Code, which
authorizes prejudgment interest in wrongful death, personal injury, and property
damage cases, is inapplicable as to Allstate. See Tex. Fin. Code Ann. § 304.102
(Vernon Supp. 2005) (formerly Tex. Rev. Civ. Stat. art. 5069-1.05, § 6(a)); see also
Keneco Energy, 962 S.W.2d at 529–30 (holding that section 304.102, allowing
statutory prejudgment interest, applies to wrongful death, personal injury, and
property damage cases). 
          In this case, the trial court’s decision to deny prejudgment interest was also
consistent with the terms of Marley’s UIM endorsement. Article 5.06-1 of the Texas
Insurance Code, which is entitled “Uninsured or Underinsured Motorist Coverage,”
applies to Marley’s UIM endorsement. See Tex. Ins. Code art. 5.06-1 (Vernon
2004). Part C, “Limit of Liability” section A(II) of Marley’s UIM endorsement
provides, in pertinent part, that, 
Subject to the maximum, our limit of liability will be the lesser of:
 
a.The difference between the amount of a covered person’s
damages for bodily injury or property damage and the
amount paid or payable to that covered person for such
damages, by or on behalf of persons or organizations who
may be legally responsible; and
                    b.       The applicable limit of liability for this coverage.

The difference between Marley’s actual damages ($25,058) and the amount “paid .
. . for such damages, by or on behalf of persons or organizations who may be legally
responsible” ($27,934) is negative $2,876. Because negative $2,876 is less than the
applicable policy limit of $20,000, Allstate’s liability in this case was zero. 
          Moreover, under Texas law, a setoff provided under the statute, such as a
settlement credit, is to be subtracted from the amount of actual damages incurred as
a result of the negligence of the underinsured motorist, rather than from the limits
specified in the UIM’s insurance policy. Stracener v. United Serv. Auto. Ass’n, 777
S.W.2d 378, 380 (Tex. 1989). Here, the jury determined that Marley’s actual
damages were $25,058. Before the jury’s award of any actual damages, Marley
received $25,000 from Zamora and a total of $2,934 from Allstate, as compensation
for the damages incurred in the accident. We conclude that the trial court properly
deducted these amounts from the amount of actual damages, pursuant to the terms of
article 5.06-1 of the Texas Insurance Code. See Stracener, 777 S.W.2d at 380. Accordingly, we hold that the trial court’s action in applying Zamora’s prior
settlement credit and Allstate’s PIP payments to the amount of actual damages found
by the jury, without awarding any prejudgment interest, was consistent with the
construction of article 5.06-1 of the Texas Insurance Code. We further hold that the
trial court’s action was consistent with terms of Marley’s insurance contract with
Allstate.



          We overrule Marley’s sole issue.

 
Conclusion
          We affirm the judgment of the trial court.




                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.