NO. 07-05-0014-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 28, 2006

______________________________

MID-CENTURY INS. CO. OF TEXAS, APPELLANT

V.

CAROLE DANIEL AND STAN DANIEL, APPELLEES

_________________________________

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,596; HONORABLE BLAIR CHERRY, JUDGE

MEMORANDUM OPINION

_____________________________

Before CAMPBELL, J. and REAVIS, and BOYD, S.JJ.
(footnote: 1)

Presenting three issues, Mid-Century Ins. Co. of Texas contends the trial court erred in rendering summary judgment that Carole Daniel and Stan Daniel recover $70,897.60 for interest and attorney’s fees for damages based on their underinsured motorist (UIM) claim.  By three cross-points, the Daniels contend the trial court erred in (1) not enforcing its order of July 2, 2003, to compel the production of Mid-Century’s claim file, (2) in failing to order the deposition of Mid-Century’s claim representative, and (3) there is no basis to support Mid-Century’s motions for summary judgment on the article 21.55 claim.  We reverse the judgment of the trial court and render judgment that the Daniels take nothing against Mid-Century.

On April 23, 1999, Carole Daniel was injured in an automobile accident with another car driven by Melvin Bray.  Twelve months following the decision in Henson v. Southern Farm Bureau Cas. Ins. Co., 17 S.W.3d 652 (Tex. 2000), on April 20, 2001, Carole Daniel and her husband, Stan Daniel, filed suit against Melvin Bray and also joined Mid-Century as a defendant.  The claim as to Mid-Century was severed and abated on April 20, 2002.  The Daniels amended their petition against Mid-Century on September 10, 2002, alleging claims under articles 21.21 and 21.55 of the Texas Insurance Code.  Upon a non-jury trial which concluded on November 13, 2002, the trial court apportioned negligence at eighty percent for Bray and twenty percent for the Daniels.  Also, it awarded the Daniels damages in the amount of $94,453.55 reduced by twenty percent netting the damages at $75.562.55.  After deducting $25,000 paid by State Farm, on November 15, 2002, Mid-Century tendered $50,562.55 out of the underinsured motorist policy limits contained in the Daniels’ policy and the payment was accepted by them.  After Mid-Century filed its motion for summary judgment on the extra-contractual action, on July 2, 2003, the trial court granted the motion as to the article 21.21 claims,
(footnote: 2) but denied Mid-Century’s no-evidence motion as to the article 21.55 claims presented by the Daniels.  When Mid-Century filed its second motion for summary judgment on the article 21.55 claims, the Daniels filed their cross-motion for summary judgment.  By order signed December 22, 2004, the trial court denied the motion for summary judgment of Mid-Century and granted the Daniels’ cross-motion and awarded damages and attorney’s fees.  The order further provided that all other relief not granted was denied.                 

Standard of Review

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3.  Every reasonable inference must indulged in favor of the non-movant and any doubts resolved in its favor.

 

When both parties move for summary judgment, each party must conclusively establish it is entitled to judgment as a matter of law, Guynes v. Galveston, 861 S.W.2d 861, 862 (Tex. 1993), and neither party can prevail simply by the other party's failure to discharge its burden.  Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85, 87 (Tex. 1954).  If the trial court grants one summary judgment and denies the other, the appellate court may render the judgment the trial court should have rendered.  Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988).

The Daniels’ Cross-Points

Before we commence our analysis of Mid-Century’s three issues, we first address the three cross-points by which the Daniels seek to alter the judgment of the trial court.  A party who seeks relief not granted by the judgment of the trial court must file a notice of appeal.  Tex. R. App. P. 25.1(c).  Because the record before us does not include a notice of appeal filed by the Daniels, the three cross-points are dismissed.  City of San Antonio v. Hernandez 53 S.W.3d 404, 407 (Tex.App.–San Antonio 2001, pet. denied); Quimby  v. Texas Dept. of Transp., 10 S.W.3d 778, 781 (Tex.App.–Austin 2000, pet. denied).
(footnote: 3)
 By its first issue, Mid-Century contends that a claim under article 21.55 does not arise until after a judgment has been rendered against the tortfeasor.  We agree.

As grounds for their motion for summary judgment, the Daniels alleged they were entitled to summary judgment because as a matter of law Mid Century had violated article 21.55.  As grounds for its motion for summary judgment, relying on 
Henson
, Mid-Century contended that article 21.55 does not apply to the Daniels’ claims because it (1) had no duty or obligation to pay pursuant to the UIM portion of the policy until such time as it was judicially determined that the insured was legally entitled to recover UIM benefits, and (2) it made prompt payment within two days of the date of determination of the net amount of the claim.

In 
Henson
, issued one year before the Daniels filed their suit, the Supreme Court held that an uninsured/underinsured insurer does not breach its contractual obligation to pay until tort liability is established.  
Henson
, 17 S.W.3d at 652.  Also, see our opinion in Trinity Universal Ins. Co. v. Brainard, 153 S.W.3d 508 (Tex.App.–Amarillo 2004, pet. granted), wherein we followed the holding in 
Henson
.  Based upon the rule announced in 
Henson
, Mid-Century’s first issue is sustained.  Our disposition of this issue pretermits our consideration of the remaining two issues presented by Mid-Century.  

Accordingly, we conclude the trial court erred in granting summary judgment that the Daniels recover $70,897.60 and, rendering judgment which the trial court should have rendered, we reverse the trial court’s judgment and render judgment that the Daniels take and recover nothing against Mid-Century.     

Don H. Reavis

Senior Justice

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), and Don H. Reavis, Justice (Ret.) Seventh Court of Appeals, both sitting by assignment.

2:
The Daniels did not file a notice of appeal regarding the denial of their claims under article 21.21.

3:
By letter of April 28, 2005, we notified the Daniels that their cross-points would not be considered. 
See
 Tex. R. App. 25.1(c) and 26.1(d).