IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0514
════════════
 
State Farm Mutual Automobile 
Insurance Company, Petitioner,
 
v.
 
Jimmie R. Norris, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued April 14, 
2005
 
 
Chief Justice Jefferson delivered the 
opinion of the Court.
Justice O’Neill did not participate in 
the decision. 
An 
underinsured motorist (UIM) policy allows an insured to recover the difference 
between the negligent driver’s insurance policy limit and the full amount of 
damages, including prejudgment interest, determined at trial. The trial court 
held that the insured was not entitled to prejudgment interest under his UIM 
policy because the insurer had already paid benefits that exceeded the actual 
damages found by the jury. Additionally, the trial court refused to award 
attorney’s fees to the insured. The court of appeals reversed on both issues. In 
accordance with our Brainard opinion, we hold that the insured is 
entitled to prejudgment interest but not attorney’s fees.
I
Background
Jimmie R. 
Norris was injured during a car accident with Allen Johnston on December 8, 
1997. Norris sued Johnston on March 29, 1999, and subsequently settled with 
Johnston for $40,000 ($10,000 less than Johnston’s policy limit). The record 
does not reflect the date of the settlement. On the same day that he dismissed 
his claims against Johnston, Norris added State Farm as a defendant, seeking to 
recover benefits under his UIM policy. Although State Farm paid Norris $5,000 in 
personal injury protection (PIP) benefits, it never offered to settle Norris’s 
UIM claim. 
A jury found 
that: (1) Johnston’s negligence caused the accident; (2) Norris suffered only 
past damages in the amount of $51,200; and (3) Norris’s attorney’s fees were 
$11,500 for trial, $5,000 for appeal to the court of appeals, and $7,500 for 
appeal to this Court. The trial court applied a $55,000 credit (the sum of 
Johnston’s policy limit and the PIP benefits already paid to Norris) and signed 
a take-nothing judgment in State Farm’s favor, finding that Norris was not 
entitled to attorney’s fees or prejudgment interest. Reversing the trial court’s 
judgment, the court of appeals held that Norris was entitled to both prejudgment 
interest and attorney’s fees. ___S.W.3d___. We hold, contrary to the court of 
appeals, that: (1) Norris is entitled to prejudgment interest calculated by the 
declining principal formula; and (2) Norris is not entitled to attorney’s fees 
under Chapter 38 of the Civil Practice and Remedies Code. 
II
Prejudgment 
Interest
 
Norris argues 
that prejudgment interest is covered under his UIM policy and should be 
calculated on the full amount of damages before deducting State Farm’s PIP and 
settlement credits. State Farm disputes that it owes prejudgment interest at 
all. According to State Farm, the $55,000 in PIP and settlement credits should 
be deducted from the $51,200 damages award before calculating prejudgment 
interest, leaving no principal on which prejudgment interest can accrue. 
We apply the 
“declining principal” formula to calculate prejudgment interest in a UIM case. 
Brainard v. Trinity Universal Insurance Co., ___S.W.3d___, ___ (Tex. 
2006). Under this approach, the trial court considers the date on which the 
insured received each payment. Id. at___. As Chief Justice Gray correctly 
observed, however, the record in this case does not reflect the dates of either 
the PIP or the settlement payments. ___S.W.3d___, ___ (Gray, C.J., dissenting). 
Because prejudgment interest cannot be calculated until those dates are 
established,[1] we remand this case to the 
trial court for that purpose. Tex. R. 
App. P. 60.2(f), 60.3. 
This case 
presents an additional issue that Brainard does not answer. Norris 
settled with Johnston for $40,000, which is $10,000 less than Johnston’s policy 
limit of $50,000. Norris argues he is entitled to prejudgment interest on the 
entire $50,000 amount because, based on the jury’s verdict, he would have been 
“legally entitled to recover” more than that amount from the tortfeasor. We 
disagree. UIM policies are intended to compensate injured parties “up to the 
limit specified in the policy, reduced by the amount recovered or recoverable 
from the insurer of the underinsured motor vehicle.” Tex. Ins. Code art. 5.06-1(5) (emphasis 
added). When Norris settled and released his claims against Johnston, he also 
released any interest in the difference between Johnston’s policy limit and the 
settlement amount. The purpose of prejudgment interest is to compensate a 
claimant for the lost use of money due as damages during the lapse of time 
between the accrual of the claim and the date of the judgment. Battaglia, 
177 S.W.3d at 907. Because Norris has not lost use of that $10,000, having 
released any entitlement to it, he can receive prejudgment interest only on the 
amount of the settlement ($40,000) plus the amount that exceeds Johnston’s 
policy limits ($1,200). 
III
Calculating 
Prejudgment Interest
 
Prejudgment 
interest begins to accrue on the earlier of: (1) 180 days after the date the 
defendant receives written notice of a claim; or (2) the date suit is filed. 
Tex. Fin. Code § 304.104; 
Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 
S.W.2d 507, 529 (Tex. 1998). Norris asserts that prejudgment interest began to 
accrue 180 days after the accident. The record does not indicate, however, that 
State Farm had written notice of the accident on the day it occurred, December 
8, 1997. January 21, 1998, is the earliest date in the record showing that State 
Farm had written notice of the accident.[2] Therefore, prejudgment 
interest began to accrue 180 days after January 21, 1998. 
State Farm is 
entitled to: (1) a $50,000 credit, representing Johnston’s policy limit, as of 
the date Johnston remitted the settlement amount; and (2) a $5,000 credit, 
representing the PIP benefits State Farm paid, as of the date it was tendered. 
Credits applied before prejudgment interest began to accrue will reduce the 
principal. Thereafter, each credit will apply first to the accrued prejudgment 
interest and second to the remaining principal. Brainard, ___ S.W.3d at 
___. Thus, State Farm is liable, up to the UIM policy limits, for the principal 
plus accrued prejudgment interest remaining after the credits are applied. 
IV
Attorney’s 
Fees
 
Norris argues 
that he is entitled to attorney’s fees under Chapter 38 of the Civil Practice 
and Remedies Code. The trial court denied Norris those fees, notwithstanding the 
jury’s verdict. The court of appeals reversed and awarded attorney’s fees, 
citing its opinion in Allstate Insurance Company v. Lincoln, 976 S.W.2d 
873 (Tex. App.—Waco 1998, no pet.). We disapprove of Allstate Insurance 
Company v. Lincoln to the extent it is inconsistent with our decision in 
Brainard, and we hold that State Farm is entitled to a take-nothing 
judgment with respect to attorney’s fees. 
An insured 
may recover attorney’s fees under Chapter 38 only if the insurer does not tender 
the UIM benefits within thirty days after the trial court signs a judgment 
establishing the liability and underinsured status of the other motorist. 
Brainard, ___S.W.3d at___. Chapter 38 requires Norris to “present a 
claim” to State Farm, which must pay the “just amount owed” within thirty days 
of presentation. Tex. Civ. Prac. & 
Rem. Code § 38.002(2),(3). Under a UIM policy, however, there can be no 
“just amount owed” until the trial court establishes liability and damages. 
Brainard, ___S.W.3d at___; Henson v. S. Farm Bureau Cas. Ins. 
Co., 17 S.W.3d 652, 654 (Tex. 2000). Thus, Norris could not seek attorney’s 
fees until, at the earliest, thirty days after the trial court rendered 
judgment—assuming that State Farm refused to pay the amount due under the UIM 
contract.[3] Therefore, the trial court 
did not err in refusing to award Norris attorney’s fees, and the court of 
appeals erred in reversing that 
judgment.                                 

V
Conclusion
 
We hold that 
Norris is entitled to prejudgment interest calculated under the declining 
principal formula. We reverse that part of the court of appeals’ judgment and 
remand this cause to the trial court for further proceedings consistent with 
this opinion. Tex. R. App. P. 
60.2(f), 60.3. With 
respect to the attorney’s fees issue, we reverse the court of appeals’ judgment 
and render judgment for State Farm. Tex. 
R. App. P. 60.2(c). 
 
 
______________________________
Wallace B. 
Jefferson
Chief 
Justice
 
 
OPINION 
DELIVERED:     December 22, 
2006                                                     

 




[1] In Battaglia v. Alexander, we recognized that 
“[i]n order for interest to actually compensate for the lost time value of 
money, no more and no less, the timing of settlement payments must be taken into 
account.” 177 S.W.3d 893, 907 (Tex. 2005). 

[2] This is the date that an attending physician signed a 
report sent by State Farm.

[3] In this case, the trial court entered a take-nothing 
judgment against Norris. Thus, State Farm was not presented with a claim for a 
just amount owed on the day of judgment.