**Petition for Writ of Mandamus Conditionally Granted and Opinion filed August 16, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00315-CV

---

## IN RE LIBERTY COUNTY MUTUAL INSURANCE COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-52633**

---

## OPINION

On April 18, 2018, Liberty County Mutual Insurance Company ("Liberty" or "Defendant") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, Liberty asks this court to compel the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate his order compelling Liberty to

present a designated representative for deposition to testify on topics identified in the order. We conditionally grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit arises out of injuries the real party-in-interest Robert Perry ("Plaintiff") allegedly sustained during a five-vehicle collision that occurred on February 24, 2017. Plaintiff alleges that an 18-wheeler truck struck another vehicle which, in turn, struck Plaintiff's vehicle. Plaintiff then struck a car in front of his, which, in turn, collided with the fifth vehicle in the line. The driver of the truck—who Plaintiff maintains is responsible for the accident—left the scene without providing any information.

At the time of the accident, Plaintiff was insured under an automobile insurance policy underwritten by Liberty (the "Policy"). Among other things, the Policy provides uninsured/underinsured motorist ("UIM") coverage. The Policy's UIM provision provides that Liberty will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: (1) bodily injury sustained by that insured and caused by an accident; or (2) property damage caused by an accident.

Plaintiff filed suit against Liberty to recover UIM benefits under the Policy. Plaintiff alleges that the unidentified truck driver caused the underlying accident by driving negligently, and that because the truck driver is unidentified, the accident qualifies as an uninsured event. Plaintiff's Original Petition asserts causes of action

2

against Liberty for breach of contract and violations of the Texas Insurance Code based on Liberty's failure to pay UIM benefits.

Liberty filed a motion to sever and abate, asking the court to sever all direct contractual and extra-contractual claims against Liberty into a separate action and to abate these claims. The trial court partially granted the motion, and severed the extra-contractual claims, but permitted discovery to proceed unabated.

Plaintiff noticed the deposition of Liberty's corporate representative for December 4, 2017, to testify on the topics identified in the notice.

Liberty filed a motion to quash the deposition and a motion for protection. Liberty objected to the deposition as overbroad, harassing, and irrelevant. Plaintiff filed a motion to compel the deposition.

After hearing the parties' motions, the trial court modified and signed Plaintiff's proposed order, which denied the motion to quash and the motion for protection and partially granted Plaintiff's motion to compel (the "Deposition Order"). The Deposition Order, which is the subject of this mandamus proceeding, ordered Liberty to present a designated representative or employee with knowledge of relevant facts for deposition to testify on the following topics:[1]

> 1. ~~Any policy of insurance issued or underwritten by the Defendant applicable to the collision in question.~~
>
> 2. ~~The occurrence or non-occurrence of all conditions precedent under the contract, including but not limited to coverage by the Defendant, collision with an uninsured motorist, injury to the Plaintiff, and~~

---

[1] Topics 1 and 2 were struck by the trial court.

~~compliance by the Plaintiff with the terms and conditions of his policy.~~

3. Mr. Perry's damages caused by the collision in question.

4. The facts supporting the legal theories and defenses listed in Liberty's Responses to Plaintiff's Request for Disclosure, including but not limited to:

   a. Defendant's limitation of liability;

   b. The amount of any offset or credit to which Defendant alleges it is entitled;

   c. Plaintiff's pre-existing injuries and conditions and/or subsequent and intervening injuries and conditions;

   d. The amounts of any limitation or reduction Defendant will allege under Sec. 41.0105 and 18.091 of the Texas Civil Practice & Remedies Code;

   e. Plaintiff's failure to mitigate his damages by failing to follow his doctor's instructions and seek appropriate treatment for his injuries; and

   f. How the crash occurred.

5. Defendant's sworn interrogatory answers.

6. Defendant's responses to request for production.

7. Defendant's responses to request for disclosure.

8. Defendant's live pleadings on file.

## MANDAMUS STANDARD

4

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We review the trial court's legal conclusions with limited deference. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The relator must establish that the trial court could reasonably have reached only one decision. *Id*.

"A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding). Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is reasonably calculated to lead to the discovery of admissible evidence. *Id*. "What is 'relevant to the subject matter' is to be broadly construed." *Id*. These liberal bounds, however, have limits, and discovery requests must not be overbroad. *Id*. A request is not overbroad "so long as it is 'reasonably tailored to include only matters relevant to the case.'" *Id*. at 223–24 (quoting *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam)). Although the scope of discovery is generally within the trial court's discretion, the

5

trial court must impose reasonable discovery limits. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam). Discovery requests—including depositions—must be reasonably tailored to include only matters relevant to the case. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). Information is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action or defense more or less probable than it would be without such information. *See* Tex. R. Evid. 401.

## ANALYSIS

### A. Scope of Discovery

The scope of relevant discovery in uninsured motorist cases differs from other insurance disputes. Unlike most first-party cases in which the terms of the policy alone dictate the outcome, uninsured motorist coverage hinges on the liability of the uninsured third-party motorist who is alleged to be at-fault. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000)). Consequently, "the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." *Id.*

To recover benefits under an uninsured motorist policy, a policy beneficiary must show (1) that the insured has uninsured motorist coverage, (2) that the uninsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the motorist's insurance coverage is absent or deficient. *See In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—

6

Houston [1st Dist.] 2017, orig. proceeding) (citing *Brainard* 216 S.W.3d at 818) Accordingly, a claim for uninsured motorist benefits is not presented until the trial court signs a judgment resolving these issues. *Id*.

Liberty filed a Stipulation of Facts with the trial court, stipulating that (1) Liberty issued the Policy to Plaintiff; (2) the Policy was in full force and effect on February 24, 2017; (3) Plaintiff is an insured within the meaning of the Policy's UIM coverage provision; (4) the Policy provided $30,000 per person in uninsured motorist coverage to Plaintiff; and (5) the occurrence in question is a covered occurrence under the Policy's UIM coverage provisions. This stipulation narrows the relevant issues in the present case to those of a typical car wreck case—namely, (1) the unidentified truck driver's liability for the underlying car accident, and (2) the existence and amount of Plaintiff's damages. *See In re Liberty Cty. Mut. Ins. Co*., 537 S.W.3d at 220.

## B. Abuse of Discretion

The Deposition Order is a clear abuse of discretion for two reasons.

First, the Order is not limited to the relevant topics of the truck driver's liability and the existence and amount of Plaintiff's damages. The Deposition Order improperly requires the designated representative to testify concerning Liberty's sworn interrogatory answers, responses to request for production, responses to request for disclosure, and live pleadings, without limitation and regardless of whether they pertain to the truck driver's liability or Plaintiff's damages, and therefore encompasses irrelevant matters.

7

Second, the information sought through the deposition already has been obtained by Plaintiff or may be obtained from other sources with less burden and expense. Though some of the topics listed in the Deposition Order may pertain to the relevant topics of the truck driver's liability or Plaintiff's damages, Liberty was not involved in the car accident at issue. Liberty's employees would not have any direct or personal knowledge of the accident. Any knowledge that Liberty's employees have of the accident or Plaintiff's damages would have been obtained through discovery in this action or its investigation of the accident, if any. Plaintiff already has the discovery that produced in this action under the Texas Rules of Civil Procedure.

This case is analogous to the First Court of Appeals's decision in *In re Liberty County Mutual Insurance Company*, in which the plaintiff argued that she was entitled to depose Liberty's claims adjuster, Marianne Cagle, because Cagle assisted or provided information in answering interrogatories and verified Liberty's interrogatory answers. *See id.* at 222. These interrogatory answers, however, merely referred to the plaintiff's medical records. *Id.* The First Court of Appeals held that, although the plaintiff's medical records are relevant to the amount of the plaintiff's damages, Cagle's verification of the interrogatories did not justify the taking of her deposition because the plaintiff "has independent and superior access to her own records, and deposing Cagle on their contents would be unreasonable and unduly burdensome." *Id.* at 222–23 (citing Tex. R. Civ. P. 192.4(a) (providing that discovery should be limited when "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive") and *In re Arras*, 24 S.W.3d 862, 864 (Tex. App.—El Paso 2000, orig. proceeding) (granting

8

mandamus relief challenging order requiring claims representative to submit to deposition because plaintiffs already received "the exact information" from car accident defendants and thus the information sought by plaintiffs was "clearly obtainable from some other source that is more convenient, less burdensome, or less expensive" and "the information sought via deposition and subpoena duces tecum is unreasonably cumulative and/or duplicative")). "While Rule 192.3 outlines the scope of discovery a trial court may authorize, Rule 192.4 limits that scope if the discovery is unreasonably cumulative, duplicative, obtainable from another source that is more convenient, less burdensome, less expensive, or if the burden or expense of the discovery outweighs the benefit and importance of the discovery to the litigation." *In re Issuance of Subpoenas for the Depositions of Bennett*, 502 S.W.3d 373, 379 (Tex. App.— Houston [14th Dist.] 2016, no pet.) (citing Tex. R. Civ. P. 192.4).

The reasoning in *In re Liberty County Mutual Insurance Company* applies here. Plaintiff served Liberty with requests for production of documents relating to the car accident and the investigation of the accident. In response, Liberty produced (1) a valuation report for Plaintiff's vehicle prepared predominantly by CCC One—an independent, third-party appraiser—and accompanying photos, (2) the police report, (3) Plaintiff's medical records, and (4) Plaintiff's recorded statement. Nothing in the record indicates that Liberty has any knowledge of how the accident occurred or Plaintiff's damages beyond what Plaintiff already knows or has obtained through discovery. Plaintiff has access to all his own medical records and medical service providers. The record does not show that Liberty has identified any of its employees as a "testifying expert." *See* Tex. R. Civ. P. 194.2(f). The police report identifies at least four other

drivers and/or passengers who were involved in the accident, all of whom Plaintiff may seek to depose. *See* Tex. R. Civ. P. 199.1. Accordingly, even as to the topics listed in the Deposition Order that do pertain to the relevant subjects of the truck driver's liability or Plaintiff's damages, the Order is an abuse of discretion because the information sought through the deposition is already known by Plaintiff, has already been obtained by Plaintiff through discovery, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. *See* Tex. R. Civ. P. 192.4(a); *In re Liberty Cty. Mut. Ins. Co*., 537 S.W.3d at 222–23.

## C. No Adequate Remedy by Appeal

A party does not have an adequate remedy on appeal when a discovery order compels patently irrelevant discovery such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *See In re Houstonian Campus, L.L.C*., 312 S.W.3d 178, 183 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). An insurer has no adequate remedy by appeal when compelled to respond to discovery that is irrelevant. *See In re Liberty Cty. Mut. Ins. Co*., 537 S.W.3d at 223. Liberty lacks an adequate remedy by appeal for the Deposition Order because it is not "reasonably calculated to lead to the discovery of admissible evidence." *See* Tex. R. Civ. P. 192.3(a).

Additionally, such error cannot be remedied on appeal because once the deposition has been taken, it cannot be untaken. *See In re Reassure Am. Life Ins. Co*., 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2013, orig. proceeding) (stating that an improper order under rule 202 may be set aside by mandamus because "depositions, once taken, cannot be 'untaken'").

10

## CONCLUSION

For the above reasons, we conditionally grant the petition for writ of mandamus, and direct the trial court to (1) vacate its Deposition Order and (2) grant Liberty's motion to quash. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.

/s/     Ken Wise
Justice

Panel consists of Justices Boyce, Donovan, and Wise.

11