

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00293-CV

**ALLSTATE INSURANCE COMPANY,**
Appellant

v.

Daniel Wes **IRWIN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI03490
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: August 21, 2019

AFFIRMED

After a car wreck with an underinsured motorist (UIM), appellee Daniel Wes Irwin sued appellant Allstate Insurance Company ("Allstate") seeking a declaration that he was entitled to recover damages resulting from the wreck under his UIM benefits policy. On appeal, Allstate argues the trial court abused its discretion in awarding Irwin declaratory relief and attorney's fees. We affirm the trial court's judgment.

## BACKGROUND

After a car wreck with Brenda Alonso, Irwin settled with Alonso for her $30,000 policy limits. Then he sent a demand letter to his own UIM insurer, Allstate, seeking to settle for his $50,000 UIM policy limits for the remaining damages Alonso's policy did not cover. At the time of the demand, Irwin's medical bills alone exceeded the amount he recovered from Alonso. Allstate offered to settle for $500. Irwin sued Allstate seeking a declaration that he was entitled to recover his remaining damages under his UIM policy. He also sought attorney's fees under the Uniform Declaratory Judgments Act ("UDJA").

The sole issue presented to the jury was whether Irwin was legally entitled to recover his excess damages. The parties stipulated to coverage under the UIM policy and the $30,000 offset from Irwin's settlement with Alonso. The jury returned a verdict in Irwin's favor, awarding him $498,968.36 in damages resulting from the wreck with Alonso. The trial court signed a judgment awarding Irwin Allstate's policy limit of $50,000 plus $2,002.28 in court costs. The trial court also awarded Irwin $45,540 in attorney's fees. Allstate appealed.

## ANALYSIS

On appeal, Allstate claims the trial court abused its discretion in awarding Irwin declaratory relief and attorney's fees under the UDJA. It claims the UDJA is not the proper procedural vehicle for pursuing claims for UIM coverage, and because declaratory relief was inappropriate, Irwin cannot recover his attorney's fees under the UDJA.

### Irwin's UIM Claim under the UDJA

Relying on *Brainard v. Trinity Universal Insurance Co.*, Allstate argues that an insured must file suit and establish the amount he is legally entitled to recover from the other motorist to trigger an insurer's contractual duty to pay UIM benefits. It contends that only after the contractual duty to pay is established may an insured pursue a breach of contract claim against the insurer to

recover UIM benefits. According to Allstate, an insured cannot file a claim for declaratory relief to obtain the judgment required by *Brainard*.

Irwin counters that the UDJA is appropriate for pursuing his UIM claim for coverage. According to Irwin, the UDJA must be liberally administered and recovery is permitted under the UDJA because he seeks a declaration of the validity of his right to recover. He distinguishes *Brainard*, which arose under Chapter 38 of the Texas Civil Practice and Remedies Code ("the Code") governing the recovery of attorney's fees for breach of contract, because he never asserted a breach of contract claim. Irwin further argues that nothing in *Brainard* precludes the use of the UDJA to recover UIM benefits.

### *Applicable Law*

To protect responsible motorists from financial loss when they are involved in car wrecks with uninsured or underinsured motorists (UM/UIM), Texas law requires automobile insurers to include UM/UIM coverage in their policies unless their insureds reject that coverage in writing. TEX. INS. CODE ANN. § 1952.101(b); *Ortiz v. State Fin. Mut. Auto Ins. Co.,* 955 S.W.2d 353, 356–57 (Tex. App.—San Antonio 1997, writ denied). UM/UIM coverage provides payment to the insured for all amounts the insured is "legally entitled to recover" as damages from the UM/UIM. TEX. INS. CODE ANN. § 1952.106. Recovery is reduced by the amount recovered *or recoverable* from the insurer of the UM/UIM's vehicle and cannot exceed the insured's policy limits. *Id.*

In *Brainard*, the Texas Supreme Court highlighted the uniqueness of the UM/UIM contract, pointing out its "benefits are conditioned upon the insured's legal entitlement to receive damages from a third party." 216 S.W.3d 809, 818 (Tex. 2006) (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000)). An insured is "legally entitled to recover" under his UM/UIM policy once he obtains a judgment establishing the liability and underinsured status of the other motorist. *Id.* The Texas Supreme Court in *Brainard* concluded a plaintiff must obtain

a judgment before an insurer's contractual duty to pay can be triggered.[1]  *Id.*; *Henson*, 17 S.W.3d at 653–54.  Absent a judgment establishing the other motorist's liability and damages, a UM/UIM carrier has no contractual duty to pay benefits.  *See, e.g., Love v. Geico Indem. Co.*, No. 6:16-CV-354-RP, 2017 WL 8181526, at *4 (W.D. Tex. Oct. 2, 2017) (dismissing breach of contract claim against UM/UIM insurer as unripe since plaintiffs had no judgment establishing unknown driver's liability and resulting damages); *Accardo v. Am. First Lloyds Ins. Co.*, No. CIV.A. H-11-0008, 2012 WL 1576022, at *1 (S.D. Tex. May 3, 2012) (same); *Stoyer v. State Farm Mut. Auto. Ins. Co.*, No. 308-CV-1376-K, 2009 WL 464971, at *2 (N.D. Tex. Feb. 24, 2009) (same); *but see Green v. Allstate Fire & Cas. Ins. Co.*, No. SA-19-CV-360-XR, 2019 WL 2744183, at *3 (W.D. Tex. July 1, 2019) (denying motion to dismiss and allowing plaintiff to proceed under UDJA and breach of contract theory in absence of judgment establishing prerequisites).

Texas courts have rejected numerous attempts to trigger an insurer's contractual duty to pay benefits in other ways.  For instance, the Texas Supreme Court has:

- rejected attempts to use certain settlement agreements, *Elbaor v. Smith*, 845 S.W.2d 240, 240 (Tex. 1992);

- refused to enforce an agreed judgment between a plaintiff and a defendant against the defendant's insurer, *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 719 (Tex. 1996); and

- held that a settlement or admission of liability from the tortfeasor fails to establish UM/UIM coverage, *Brainard*, 216 S.W.3d at 818.

To date, the Texas Supreme Court has not approved an alternative to *Brainard*'s requirement of one lawsuit against the tortfeasor and a second claim against the UIM insurer.[2]  However, in

---

[1] We note, however, that section 1952.106 of the Texas Insurance Code provides an offset not only for "the amount recovered," but also for the amount "recoverable" from the UIM.  TEX. INS. CODE ANN. § 1952.106.

[2] In the 2019 legislative session, the Texas House of Representatives sought to amend the Texas Insurance Code to address this situation.  House Bill 1739 would have prevented an insurer from requiring, as a prerequisite to asserting a claim under UIM coverage, "a judgment or other legal determination establishing the other motorist's liability or the extent of the insured's damages." Tex. H.B. 1739, 86th Leg., R.S. (2019).  Although the House of Representatives passed House Bill 1739, the Senate took no action on it, so it was never enacted.  *See id.*

*Brainard* itself, the court seemed to suggest that such an alternative may exist when it wrote, "[o]f course, the insured is not required to obtain a judgment against the tortfeasor. The insured may settle with the tortfeasor, as Brainard did in this case, and then litigate UIM coverage with the insurer." *Id.* (internal citation omitted).

The UDJA is designed "to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). It authorizes a person interested under a written contract to "obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The Legislature mandates that "it is to be liberally construed and administered." *Id.* § 37.002(b). The UDJA gives trial courts discretion to award equitable and just attorney's fees without regard to whether the recipient is the prevailing party. *Id.* § 37.009.

### *Application*

An insured's use of the UDJA to declare that he is legally entitled to recover damages from his UIM carrier—and to determine the amount of those damages—is an issue of first impression for this court. The Texarkana Court of Appeals is the only Texas appellate court to address this issue to date. *See Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 455 (Tex. App.—Texarkana 2016, no pet.). There, Margaret Jordan sued Allstate, her UIM insurer, seeking to recover damages she suffered in excess of the tortfeasor's policy limits. *Id.* at 452. She asserted claims for breach of contract and declaratory relief. *Id.* at 454. The trial court signed a declaratory judgment awarding Jordan damages and attorney's fees. *Id.* Allstate appealed, arguing, as it does here, the trial court abused its discretion in declaring Jordan was entitled to damages because her UIM claim did not raise "a question of construction or validity" under the UDJA. *Id.* The Texarkana Court rejected Allstate's argument and held Jordan could use the UDJA to establish the amount of damages she was legally entitled to recover under her policy. *Id.* at 455.

We agree that an insured can use the UDJA to establish the prerequisites to recovery in a UM/UIM case. Like *Jordan*, Allstate stipulated to coverage, so the only issue here was whether Irwin's damages caused by Alonso's negligence actually exceeded the limits of Alonso's policy. The UDJA allows a person "whose rights, status, or other legal relations are affected by a . . . contract" to have "determined any question of . . . validity" arising under the contract and to "obtain a declaration of rights." TEX. CIV. PRAC. & REM. CODE § 37.004(a). Here, Irwin sought to have the validity of his right to recover under his UIM policy determined and to obtain a declaration of his rights to pursue that claim against Allstate. *See id.* This is exactly the type of "relief from uncertainty" the UDJA was designed to provide. *Id.* § 37.002(b).

"[N]othing in *Brainard* precludes the use of a declaratory judgment when establishing prerequisites to recover in a UIM benefits case." *Jordan*, 503 S.W.3d at 456. The plaintiff in *Brainard* did not file a declaratory judgment action against the insurer, so the propriety of this UDJA procedure was not before the Texas Supreme Court. Without the options of an agreed judgment, a settlement, or an admission of liability from the UM/UIM, an insured faces the unduly burdensome and inefficient task of rejecting the tortfeasor's policy limits offer and instead participating in a full-blown adversarial trial to obtain a judgment so he can then turn around and make a claim *against his own insurer to recover benefits for which he paid*. That is simply unreasonable where, as here, the tortfeasor has already paid policy limits to settle her claim and there is no real dispute that the insured's damages exceed his recovery from the tortfeasor. *See Gandy*, 925 S.W.2d at 714 (pointing out courts favor reducing litigation and highlighting that disputes can be expeditiously resolved in declaratory judgment actions). Given the UDJA's purpose of settling uncertainty with respect to a party's rights, we hold that an insured may use the UDJA to establish the prerequisites to recovery in a UM/UIM claim. *See* TEX. CIV. PRAC. & REM.

CODE § 37.002(b); *Green*, 2019 WL 2744183, at \*3; *Jordan*, 503 S.W.3d at 455.  We therefore overrule Allstate's first issue.

### Attorney's Fees

Allstate next argues the trial court abused its discretion by awarding Irwin attorney's fees, contending attorney's fees are not recoverable in UIM claims unless and until a breach of contract is established, which cannot occur until after a judgment establishes the insurer's duty to pay.  Allstate further argues that Irwin's "claim for declaratory relief is nothing more than a creative attempt to find a basis for recovering attorney's fees where one does not actually exist."  Irwin responds that Allstate's reliance on *Brainard* is misplaced because *Brainard's* holding is limited to breach of contract cases under Chapter 38 of the Code.  He argues he properly asserted a declaratory judgment claim under Chapter 37 of the Code, and the plain language of that statute authorizes the recovery of attorney's fees.

### Applicable Law

The recovery of attorney's fees is prohibited unless specifically provided by contract or statute.  *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009).  Under the UDJA, a trial court may award reasonable and necessary attorney's fees "as are equitable and just."  TEX. CIV. PRAC. & REM. CODE § 37.009.  A party cannot, however, replead a claim as a declaratory judgment to justify an award of attorney's fees.  *MBM Fin. Corp.*, 292 S.W.3d at 669.  "[T]he rule is that a party cannot use the Act as a vehicle to obtain otherwise impermissible attorney's fees."  *Id.*

### Application

In *Brainard,* the plaintiff did not pursue a declaratory judgment, but instead attempted to recover attorney's fees for his breach of contract claim under Chapter 38 of the Code.  216 S.W.3d at 817–19.  The Texas Supreme Court rejected this attempt under Chapter 38 because a claim for

breach of contract could not arise until after the insurer breached a contractual duty. *Id.* at 818–19. And a contractual duty to pay benefits was not triggered until after liability and the other motorist's UM/UIM status was established. *Id.* In *Jordan*, the plaintiff attempted to recover attorney's fees for breach of contract under Chapter 38 and as a UM/UIM under Chapter 37—the UDJA. Despite the *Jordan* Court's recognition that a declaratory judgment action is an appropriate vehicle to establish the elements of a UIM claim, that court held "the recovery of attorney['s] fees is governed by Chapter 38 of the [Code,]" which requires a matured breach of contract claim. 503 S.W.3d at 457.

We disagree with our sister court and believe *Jordan*'s reliance on *Brainard* is misplaced. If a dispute is resolved under the UDJA, Chapter 37 grants the trial court discretion to award reasonable and necessary attorney's fees to either party "as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. The Act is remedial, and unlike Chapter 38 of the Code upon which the plaintiffs in *Brainard* and *Jordan* relied, nothing in the UDJA requires a matured breach of contract claim. *See id.* § 37.001, *et seq*. The fact that Irwin pled *only* a declaratory judgment action to determine his rights under the insurance contract distinguishes this case from both *Brainard* and *Jordan*.

As the *Jordan* Court did, we have concluded that the UDJA creates an appropriate claim under which an insured may obtain the legal determination required to recover under his UM/UIM policy. The Legislature expressly authorized the recovery of attorney's fees for such a claim. *Id.* § 37.009; *see also Gandy*, 925 S.W.2d at 714 (pointing out that successful party seeking resolution in declaratory judgment action should be entitled to recover attorney's fees under UDJA). We see no reason why one portion of the statute—which "is to be liberally construed and administered"— would apply to UM/UIM claims, but another would not. *See* Tex. Civ. Prac. & Rem. Code

§ 37.002(b)  We therefore overrule Allstate's final issue and hold attorney's fees are recoverable under the UDJA for UM/UIM claims.

**CONCLUSION**

We affirm the trial court's judgment.

Beth Watkins, Justice
