Richard **STELTER** d/b/a Inwood
Automotive, Appellant,

v.

Earl **LANGORIA,** Appellee.

No. A14–84–624–CV.

Court of Appeals of Texas,
Houston (14 Dist.).

Feb. 28, 1985.

Jim Parish, Houston, for appellant.

Lawrence R. Edrozo, Dickinson, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is a negligence case. Appellant, Richard Stelter, appeals from a judgment in favor of appellee, Earl Langoria. Appellee sued appellant for damages to his van which was vandalized while in appellant's possession. Appellant was the owner of Inwood Automotive, a repair shop where appellee left his van to be repaired. After a dismissal, a trial to the court, and yet another dismissal, judgment was entered for appellee for damages in the amount of $2,910.77. We affirm.

Appellant in his first point of error asserts that the trial court committed error when it proceeded to trial on March 21, 1984, on a case that had been dismissed for want of prosecution on March 15, 1984, and had not been reinstated. In his second point of error, he asserts that the trial court erred when it entered judgment on July 12, 1984, after the case had been initially dismissed for want of prosecution on March 15, 1984, and had not been reinstated, and further the case had been dismissed again on June 26, 1984, in accordance with Rule 5 of the Rules of County Civil Court at Law No. 4 of Harris County, Texas, without any subsequent motion or order to reinstate the case.

Appellee filed his original petition on January 6, 1983. The record contains an order setting the case for trial on March 14, 1984. On March 15, 1984, Judge Charles Coussons of the County Civil Court at Law No. 4 entered a judgment of dismissal in appellee's suit because he failed to appear for trial on March 14, 1984, to prosecute his suit. However, that judgment of dismissal was set aside by a written order dated March 21, 1984, granting a new trial on the court's own motion. The case proceeded to

trial on March 21, 1984, without objection. After a non-jury trial, which was completed the same day, the court found for appellee and awarded damages in the amount of $2,910.77. This oral judgment was not reduced to writing and signed by the judge. On June 26, 1984, Judge Coussons signed an order of dismissal pursuant to Rule 5 of the Rules of County Civil Court at Law No. 4. Rule 5 provides:

> Any case regularly set for trial and announced settled by telephone or otherwise will be held by the Clerk for 45 days for entry of Judgment. If no Judgment is entered it will be Dismissed....

However, at the bottom of this dismissal order, Judge Coussons signed an order on July 12, 1984, granting a new trial on his own motion. The prior oral judgment was then reduced to writing and signed the same day, July 12, 1984.

■ We do not find that the trial court committed error when it proceeded to trial in this case even though it had been dismissed for want of prosecution and allegedly had not been reinstated. Rule 165a of the Texas Rules of Civil Procedure requires that a written reinstatement order must be granted within 30 days of the dismissal. On March 15, 1984, the court dismissed the case for want of prosecution. However, on March 21, 1984, the trial judge signed a written order, which is in the record, granting a new trial on the court's own motion. That order constituted an order of reinstatement and it was timely signed and entered in compliance with Rule 165a. Appellant places particular importance on the fact that the record does not show that a motion for reinstatement was made. To support his contention, appellant cites *The Courtlandt Corporation v. Trico Service Corporation*, 600 S.W.2d 883 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). However, that case does not require that appellee make a motion before reinstatement may be ordered. The *Courtlandt* case merely requires a written order of reinstatement within 30 days of dismissal. The written order signed by Judge Coussons met this requirement. The trial court validly proceeded to trial. Point of error one is overruled.

■ We also find that appellant's second point of error has no merit. Appellant contends that the trial court erred when it entered judgment after the case had been dismissed for want of prosecution and again dismissed because the judgment was not entered within 45 days after trial. We see no problem in the entry of judgment after the first dismissal for the very same reasons that we found no error in proceeding to trial after the first dismissal. In addition, we find no error in the entry of judgment after the second dismissal. The trial judge ordered the second dismissal on June 26, 1984, because no judgment had been submitted for entry and 45 days had passed since the court announced its decision after trial. However, the trial judge at the bottom of the dismissal order wrote that he ordered a new trial on the court's own motion. That order was dated July 12, 1984. We interpret that written order to mean the dismissal was set aside and the case was reinstated. Since the reinstatement order was signed within 30 days of the dismissal, the court had jurisdiction to so act. We find the case was properly reinstated twice; therefore, the entry of judgment was valid.

Accordingly, the judgment of the trial court is affirmed.