ACCEPTED
14-15-00746-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/25/2015 3:28:36 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00746-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/25/2015 3:28:36 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS**

_____

**IN RE GEICO INSURANCE COMPANY,
RELATOR**

_____

**ORIGINAL PROCEEDING FROM CAUSE NO. 2013-50259-A
IN THE 152nd JUDICIAL DISTRICT COURT OF HARRIS COUNTY,
HOUSTON, TEXAS
THE HONORABLE ROBERT SCHAFFER PRESIDING**

_____

**RELATOR'S LETTER BRIEF**

_____

Scott Benjamin Novak
SBN: 24051124
Phil C. Summers
SBN: 19506600
LORANCE & THOMPSON, P.C.
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Fax: 713/864-4671
sbn@lorancethompson.com
**ATTORNEYS FOR RELATOR**

**RELATOR REQUESTS EMERGENCY RELIEF IN THE FORM OF A
STAY OF DISCOVERY AND PENDING DISPOSITIVE PROCEEDINGS**

**RELATOR REQUESTS ORAL ARGUMENT**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 52.3 (a), the following is a list of all parties and the names and addresses of all counsel:

1. **Counsel for Relator**:                     **Relator**

   Scott Benjamin Novak                GEICO Insurance Company
   SBN: 24051124
   Phil C. Summers
   SBN: 19506600
   **Lorance & Thompson, P.C.**
   2900 North Loop West, Suite 500
   Houston, Texas 77092
   Telephone: 713/868-5560
   Fax: 713/864-4671
   sbn@lorancethompson.com

2. **Respondent**:

   The Honorable Robert Schaffer
   152nd Judicial District Court of Harris County, Texas
   201 Caroline
   Houston, Texas 77002
   Telephone: 713/368-6040
   Fax: 713/368-6801
   Via court reporter's email:  nalani_callico@justex.net

3. **Counsel for Real Parties in Interest**:      **Real Parties in Interest:**

   Peter J. Clarke                     Linda Holman
   SBN: 00797779
   **CLARK & ASSOCIATES, PLLC**
   6001 Savoy Drive, Suite 305
   Houston, TX 77036
   Telephone: 713/339-3988
   pjclarkelaw@yahoo.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................... ii

INDEX OF AUTHORITIES.................................................................. iv

LETTER BRIEF ......................................................................... 1

BRIEF RESTATEMENT OF RELEVANT PROCEDURAL HISTORY
AND STATEMENT OF POSITION WITH RESPECT TO ISSUES ............. 1

ARGUMENT AND AUTHORITIES............................................................ 5

    A. Was the judgment signed on September 10, 2014 a final
    judgment under *Lehmann v. Har-Con Corporation*, 39 S.W.
    3d 191 (Tex. 2001)? ........................................................... 5

    B. If the judgment signed on September 10, 2014 was a final
    judgment under *Lehmann v. Har-Con Corporation*, did it
    adjudicate Holman's breach of contract claim against
    GEICO? ....................................................................... 8

CONCLUSION .......................................................................... 10

CERTIFICATE OF COMPLIANCE........................................................... 11

CERTIFICATE OF SERVICE .............................................................. 12

APPENDIX ............................................................................. 13

# INDEX OF AUTHORITIES

**Cases**

Chessher v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564(Tex. 1983)
(per curiam). ..................................................................................... 6

*Continental Airlines, Inc. v. Kiefer,*
920 S.W.2d 274, 276-277 (Tex. 1996).................................................. 6

*In RE: United Fire Lloyds,*
327 S.W. 3rd. 250, 256 (Tex. App–San Antonio 2010, original
Proceeding ......................................................................................... 9

*Jack B. Anglin Co., v. Tipps,*
842 S.W.2d 266, 272 (Tex. 1992) ........................................................ 5

*Lehmann v. Har-Con Corporation,*
39 S.W.3rd 191, 195, 203 (Tex. 2001) ............................................. 4, 5

*Liberty Nat. Fire Ins. Co. v. Akin,*
927 S.W.2d 627, 629 (Tex. 1996). ....................................................... 9

*Linn v. Arambould,*
55 Tex. 611, 617-18 (1881) ................................................................. 5

*Mafrige v. Ross,*
866 S.W.2d 590 (Tex. 1993) ................................................................ 7

*Republic Ins. Co. v. Stoker,*
903 S.W.2d 338, 341 (Tex. 1995) ........................................................ 9

*Stelter v. Langoria,*
687 S. W. 2d 498, 499 (Tex. App.—Houston [14th Dist.] 1985, no writ) 4, 9

*S. Main Bank v. Wittig,*
909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, orig.
proceeding) ..................................................................................... 4, 9

*U.S. Fire Insurance Company vs. Mallard,*
    847 S.W. 2nd 668 (Tex. —App. Houston [1st District] 1993, original
    proceeding...................................................................................... 9

*Young v. Hodde,*
    682 S.W.2d 236 (Tex. 1984) (per curiam) ............................................ 6

## Rules

Tex. R. Civ. P. 329b(d) ................................................................... 4, 9

Tex. R. Civ. P. 329b(e) ................................................................... 4, 9

**TO THE HONORABLE COURT OF APPEALS:**

As requested by this Court in its Order of September 17, 2015, Relator, Government Employees Insurance Company (hereinafter "GEICO"), submits this, its Letter Brief attendant to Relator's Petition for Writ of Mandamus complaining of the November 17, 2014 Order granting Linda Holman's Motion to Lift the abatement of her extra-contractual claims against GEICO (and the attendant July 10, 2015 Order denial of GEICO's Motion to Reconsider same) by the Honorable Robert Schaffer, Presiding Judge of the 152nd Judicial District Court of Harris County, Texas.

**I.**

## Brief Restatement of Relevant Procedural History and Statement of Position with Respect to Issues

Relator, GEICO, was a Defendant in a lawsuit pending in the 152nd Judicial District Court of Harris County, Texas, Cause No. 2013-50259, styled *Linda Holman vs. GEICO Insurance Company*. GEICO insured Ms. Holman's vehicle and provided underinsured coverage. Linda Holman initially filed a claim against GEICO related to a January 12, 2012 automobile accident with Crystal MacGrirr (Cause No. 2013-50259) and attendant to Holman's underinsured motorist policy.[1] She alleged that GIECO was liable on contract and extra-contractual theories based

---

[1] A copy of that Petition is attached to Relator's Petition for Writ of Mandamus at TAB 3.

on GEICO's alleged failure to settle her claims attendant to the collision with Ms. MacGrirr. Hollman subsequently added Ms. MacGrirr as a negligence defendant.

On September 13, 2013, GEICO filed its Motion to Sever and Abate Hollman's extra-contractual claims from her other claims, which included her negligence suit against Crystal MacGrirr and her breach of contract suit against GEICO.[2]

On June 5, 2014, Judge Robert Schaffer signed an Order severing the extra-contractual claims brought by Hollman against GEICO and abating discovery; Hollman's extra-contractual claims against GEICO were then incorporated into Cause No. 2013-50259-A. Holman's negligence and breach of contract claims persisted under the original matter number - Cause No. 2013-50259. The Trial Court's Order of Severance and Abatement states as follows:

The Court, after due and proper notice to all parties, considered

> Defendant Government Employees Insurance Company d/b/a GEICO's Motion to Sever and Abate, and the Court, after reviewing the pleadings and the evidence and hearing the arguments of counsel, finds the Motion is well-founded and that the motion should be **GRANTED**. It is, therefore,

---

[2] GEICO's Motion to Sever and Abate is attached to Relator's Petition for Writ of Mandamus at TAB 7. A copy is attached hereto as Exhibit A for the Court's convenience.

**ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Sever and Abate is hereby GRANTED, and that Plaintiffs' extra-contractual allegations, which include:

(1) violations of the Texas Insurance Code

(2) violations of the Texas DTPA,

(3) breach of the duty of good faith and fair dealing, and

(4) claims for attorney fees.

as well as the prayer for relief for these claims, are hereby severed from the original Cause No. 2013-50259; styled *Linda Holman* v. *GEICO* and this Court hereby orders the clerk of the Court to assign the severed action the separate Cause No. of 2013-50259-A (hereinafter the "An case).

Defendant will pay for the cost of filing, and to copy the following documents and include them in the new file:

1. Plaintiffs Original Petition;
2. Defendant's Original Answer; and
3. Defendant's Motion to Sever and Abate and Order

All other relief not expressly granted is hereby denied.[3]

---

[3] The Trial Court's Order of Severance and Abatement is attached to Relator's Petition for Writ of Mandamus at TAB 5. A copy is attached hereto as Exhibit B for the Court's convenience.

On September 10, 2014 the Trial Court entered a default judgment against Crystal MacGrirr in Cause No. 2013-50259.[4] It states that said "**judgment finally disposes of all parties and all claims and is appealable**." Hollman did not file any pleadings extending the Trial Court's plenary power, which therefore expired on October 10, 2014.[5]

After GEICO filed its Petition for Writ of Mandamus, this Court requested briefing on the following two issues: **(a) whether the Judgment of September 10, 2014 was a Final Judgment under *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191 (Tex. 2001) and, if so, (b) whether that judgment adjudicated Holman's breach of contract claim against GEICO.** Upon review of the record and the law, Relator answers in the affirmative as to both of these inquiries and sets forth the reason for same *infra.*

---

[4] A copy of the Default Judgment is attached to Relator's Petition for Writ of Mandamus at TAB 9. A copy is attached hereto as Exhibit C for the Court's convenience.

[5] *See* TEX. R. CIV. P. 329b(d), (e); *Stelter v. Langoria*, 687 S.W.2d 498, 499 (Tex. App.—Houston [14th Dist.] 1985, no writ); *cf. S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

**Arguments and Authorities**

**A. Was the judgment signed on September 10, 2014 a final judgment under** *Lehmann v. Har-Con Corporation*, **39 S.W.3d 191 (Tex. 2001)?**

A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. *See Jack B. Anglin Co., v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *Linn v. Arambould*, 55 Tex. 611, 617-18 (1881) (surveying several tests for determining when a judgment is final). *See generally* 49 C.J.S. Judgments § 11 (1947); 46 AM. JUR. 2D Judgments § 200-206 (1994). Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case. *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001). Determination of finality based on these factors is crucial in assessing the need for post-judgment actions. *Id.* ("Since timely perfecting appeal (as well as filing certain post- judgment motions and requests) hangs on a party's making this determination correctly, certainty is crucial.").

As iterated by the Supreme Court in *Lehman v. Har-Con Corporation*, "a judgment that finally disposes of all remaining parties and claims based on the record in the case is final regardless of the language." *Id.* at 200. As underscored by the Court and, to avoid confusion, "every final judgment should plainly, explicitly, and

specifically dispose of each and every party to the cause, and of each and every issue therein presented by the pleadings." *Id.* at 197.

The language of the judgment – and the record – will control over any uncertainty. *Id.* at 200. ("the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final". The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. *But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment*.); *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276-277 (Tex. 1996).

As advised by the Court in *Lehmann v. Har-Con*, "A party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." For example, "if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final – erroneous, but final." *Id.* at 200 (citing *Young v. Hodde*, 682 S.W.2d 236 (Tex. 1984) (per curiam); *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (per curiam)).

Unlike in *Mafrige v. Ross*, 866 S.W.2d 590 (Tex. 1993) and, subsequently, *Lehmann v. Har-Con*, this Court need not tackle an ambiguous Default Judgment or attempt to unravel "mother Hubbard" language. Rather, the subject Default Judgment is crystal clear in its finality. While the judgment made the basis of *Lehman* did not indicate its finality, the Default Judgment entered in Cause No. of 2013-50259 <u>does</u>.

Finality "must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *See Lehmann v. Har-Con* at 203 (citing 5 RAY W. MCDONALD, TEXAS CIVIL PRACTICE § 27:4[a], at 7 (John S. Covell, ed., 1992 ed.)).

In Cause No. 2013-50259, the subject Default Judgment explicitly states that "[t]his judgment <u>finally disposes of all parties and all claims and is appealable.</u>"[6] Neither the record nor the Judgment reflect any intent to retain any matter for further adjudication. Under the rule articulated by *Lehmann v. Har-Con*, the Default Judgment of September 10, 2014 was final as to all parties and claims then pending under Cause No. 2013-50259. This holds true even though Holman's Motion for Default Judgment did not request adjudication of anything other than the

---

[6] *See* the September 10, 2014 Default Judgment, attached to Relator's Petition for Writ of Mandamus at Tab 9, attached hereto as Exhibit C for the Court's convenience

7

negligence claims against MacGrirr because the ensuing Default Judgment was nevertheless explicit in its conclusiveness. *See Lehmann v. Har-Con* at 207.

**B. If the judgment signed on September 10, 2014 was a final judgment under *Lehmann v. Har-Con Corporation*, did it adjudicate Holman's breach of contract claim against GEICO**

On September 13, 2013, GEICO moved to sever and abate the extra-contractual claims brought by Hollman into their own, unique matter.[7] By Order of June 5, 2014, the Trial Court explicitly severed the extra-contractual claims from Cause No. 2013-50259, ordering the clerk of the Court to assign the severed action the separate Cause No. of 2013-50259-A.[8]

GEICO did not request that Holman's breach of contract claim follow the extra-contractual claims into the severed action and the Court did not so order. Axiomatically, Cause Number Cause No. 2013-50259 continued to include not only the negligence claims against Crystal MacGrirr, but also the breach of contract claim against GEICO predicating the extra-contractual claims severed into Cause No. 2013-50259-A. *Id.* When the Trial Court issued its Default Judgment on September 10, 2014 granting Plaintiff's Motion against MacGrirr, the Judgment of the Court stated "[t]his judgment <u>finally disposes of all parties and all claims and is</u> <u>appealable.</u>" *See* Exhibit B. This finally disposed of all claims and all parties then

---

[7] A copy of GEICO's Motion to Sever and Abate, attached to Relator's Petition for Writ of Mandamus at Tab 7, is attached hereto as Exhibit A for the Court's convenience.

[8] A copy of the Trial Court's Order for Severance and Abatement, attached to Relator's Petition for Writ of Mandamus at Tab 5, is attached hereto as Exhibit B for the Court's convenience.

extant under the original matter, Cause No. 2013-50259, including Holman's breach of contract claim against GEICO, which is discrete from the extra-contractual claims.[9]

Because Holman never filed any motions or pleadings extending this Court's plenary power in Cause No. 2013-50259, it expired on October 10, 2014.[10] All post-judgment and appellate deadlines have, in turn, expired as to Holman's breach of contract claim against GEICO, further cementing the finality of the Default Judgment as to same. After consideration of *Lehmann v. Har-Con,* the Trial Court's Default Judgment of September 10, 2014 and the record as a whole, it is clear that the Default Judgment did, in fact, adjudicate Holman's breach of contract claim against GEICO to finality.

---

[9] "A breach of an insurance contract claim is separate and distinct from bad faith, insurance code, or DTP causes of action." *U.S. Fire Insurance Company vs. Mallard* 847 S.W. 2nd 668 (Tex.–App. Houston [1st District] 1993, original proceeding). *In RE: United Fire Lloyds* 327 S.W. 3rd. 250, 256 (Tex. App–San Antonio 2010, original proceeding) the court held that, "contractual claims based on an insurance policy and bad faith claims are by their nature independent" *Akin* 927 S.W. 2nd at 629, but in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." In most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract. *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). There are two exceptions to this rule: (1) the insurer's failure to timely investigate the insured's claim; or (2) the insurer's commission of "some act, so extreme, that would cause injury independent of the policy claim." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). Neither exception applies.

[10] *See* TEX. R. CIV. P. 329b(d), (e); *Stelter v. Langoria*, 687 S.W.2d 498, 499 (Tex. App.—Houston [14th Dist.] 1985, no writ); *cf. S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

**III.**

**Conclusion**

In response to this Court's inquiry as to the finality of the Trial Court's September 10, 2014 Default Judgment, Relator would state that the judicial decree leaves little room for construal - it is plainly final, disposing of all parties and claims under Cause No. 2013-50259 by its very terms. Based on the procedural history of Cause No. 2013-50259, with an emphasis on the Trial Court's Order of Severance and Abatement, this final judgment necessarily includes Holman's breach of contract claim against GEICO, which remained tethered to that cause number.

Respectfully submitted,

LORANCE & THOMPSON, P.C.

/s/ *Scott B. Novak*
Scott B. Novak
SBN: 24051124
Phil C. Summers
SBN: 19506600
2900 North Loop West, Ste. 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
sbn@lorancethompson.com
ATTORNEYS FOR RELATOR
GEICO INSURANCE COMPANY

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,675 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ *Scott B. Novak*
Scott B. Novak

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been sent by e-filing on this 25th day of September, 2015, to the following:

**Respondent**:

The Honorable Robert Schaffer
152nd Judicial District Court of Harris County, Texas
201 Caroline
Houston, Texas 77002
Telephone: 713/368-6040
Fax: 713/368-6801
Via court reporter's email: nalani_callico@justex.net

| **Counsel for Real Parties in Interest**: | **Real Parties in Interest:** |
|---|---|
| Peter J. Clarke | Linda Holman |
| SBN: 00797779 | |
| **CLARK & ASSOCIATES, PLLC** | |
| 6001 Savoy Drive, Suite 305 | |
| Houston, TX 77036 | |
| Telephone: 713/339-3988 | |
| pjclarkelaw@yahoo.com | |

_/s/ Scott B. Novak_
Scott B. Novak

12

**NO. 14-15-00746-CV**

_____

**IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS**
_____

**IN RE GEICO INSURANCE COMPANY,
RELATOR**
_____

**ORIGINAL PROCEEDING FROM CAUSE NO. 2013-50259-A
IN THE 152nd JUDICIAL DISTRICT COURT OF HARRIS COUNTY,
HOUSTON, TEXAS
THE HONORABLE ROBERT SCHAFFER PRESIDING**
_____

**APPENDIX**
_____

**LIST OF DOCUMENTS**

Defendant's Motion to Sever and Abate dated 09/13/13................................. EX A

Order for Severance and Abatement dated 06/05/14....................................... EX B

Default Judgment dated 09/10/14 .................................................................... EX C

13



# EXHIBIT A

CAUSE NO. 2013-50259

| LINDA HOLMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| GEICO INSURANCE COMPANY | § | 152ND JUDICIAL DISTRICT |

DEFENDANT'S MOTION TO SEVER AND ABATE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Government Employees Insurance Company, Defendant in the above matter, and files this Motion to Sever and Abate, pursuant to Rule 41 of the Texas Rules of Civil Procedure. In support of this motion, Defendant respectfully shows unto the Court the following:

I.
Facts

This lawsuit arises from an automobile accident involving the Plaintiff, Linda Holman, and a vehicle driven by Crystal MacGrirr. The Plaintiff claims Crystal MacGrirr was negligent, and that she was an "uninsured motorist" as that term is defined by law. The Plaintiff seeks uninsured motorist ("UIM") benefits from Government Employees Insurance Company, the company which insured Plaintiffs' vehicle at the time of the accident.

Plaintiff alleges that she sustained injuries as a result of the accident. She seeks damages for medical expenses in the past and in the future. Plaintiff seeks uninsured motorist benefits from Defendant Government Employees Insurance Company.

Plaintiff alleges in her Original Petition that Defendant engaged in violations of the Texas Insurance Code, violations of the Texas DTPA, breach of the duty of good faith and fair dealing. For the reasons set forth below, Defendant is entitled to an Order severing and abating discovery

538580.1 PLD 0004750 9142 PCS

Certified Document Number: 57302594 - Page 1 of 7

on all of the "extra-contractual" claims until there is a legal determination as to the amount of UM benefits, if any, which are owed to the Plaintiff.

## II.
## Legal Standard for Severance

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." In *McGuire v. Commercial Union Insurance Co. of N.Y.*, 431 S.W.2d 347, 351 (Tex.1968), the Court held that the rule refers to a claim "which is a severable part of a controversy which involves more than one cause of action." *Id.* The objective of a severance is to do justice, avoid prejudice, and further convenience. *Guarantee Fed. v. Horseshoe Operating*, 793 S.W.2d 652, 658 (Tex.1990); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 465 (Tex. App.—Amarillo 2001, orig. proceeding). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *In re Trinity Universal Ins. Co.*, 64 S.W.3d at 465.

## III.
## Discussion

**A.**   **Severance is Required Because Plaintiff Has Not Established Entitlement to UM Benefits**

The policy in effect at the time of the accident provides in part:

PART C—UNINSURED/UNDERINSUERD MOTORISTS COVERAGE

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

538580.1 PLD 0004750 9142 PCS

Certified Document Number: 57302594 - Page 2 of 7

It is well-settled Texas law that a Plaintiff is not "legally entitled to recover," and no duty to pay UM/UIM benefits exist, until there is a judicial determination that the tortfeasor was negligent and that Plaintiffs' damages exceed the insurer's applicable credit. *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289 (Tex. 2001) (holding that because the jury determined that the Plaintiff's damages were below the applicable credits, the UM carrier owed no duty to pay UM benefits and because no duty to pay UM benefits ever arose, there could be no violation of Article 21.55); *Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652 (Tex. 2000) (there is no obligation to pay UIM benefits until a jury establishes the tortfeasor's liability and determines that damages exceed the underlying liability limits). GEICO's duty to pay benefits under the contract is not triggered merely by the insured filing a suit to recover policy benefits. *Henson*, 17 S.W.3d at 654.

The Supreme Court recently affirmed *Henson* in *Brainard vs. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006). In denying a claim for attorney's fees, the Supreme Court again held there was "no contractual duty to pay benefits until the liability of the other motorist and the amount of damages suffered by the insured are determined." *Brainard*, 216 S.W.3d at 815, citing *Henson*, 17 S.W.3d at 653-654. The Court ruled in *Brainard*:

> Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay. Where there is no contractual duty to pay, there is no just amount owed. Thus, under Chapter 38, a claim for UIM benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist.

*Id.* at 818.

The *Brainard* opinion explains that unlike other insurance contracts, UM insurance utilizes tort law to determine coverage. "The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a

538580.1 PLD 0004750 9142 PCS

third party." *Id.* "Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." *Id.*, citing *Henson*, 17 S.W.3d at 654.

Because there is no obligation to pay benefits before liability and damages are determined, breach of contract and extra-contractual claims cannot accrue until a jury determines that the Plaintiffs are "legally entitled to recover" UM/UIM benefits. *See Wellisch v. United Servs. Auto Ass'n,* 75 S.W.3d 53, 59 (Tex. App.—San Antonio 2002, pet. denied). The *Wellisch* court, addressing an Article 21.55 claim, stated that it is "clear that an insurer is not obligated to pay UIM benefits until the insured becomes legally entitled to those benefits." *Id.* at 57. This is because 21.55 is premised on the presumption that carriers have the right to dispute claims and "nothing in Article 21.55 precludes an insurer from awaiting a judicial determination of an insured's 'legal entitlement.'" *Id.* at 57. In short, there can be no "breach" of the UM/UIM contract and no penalties of any kind can be assessed against the insurer until there is a judicial determination that the third party was negligent and that the Plaintiffs' damages exceed the insurer's applicable credits.

The court in *In re Trinity Universal Ins. Co.* also held that an insurer is entitled to severance on all of the extra-contractual claims against it. 63 S.W.3d 463. The *Trinity* court explained that no extra-contractual claims could accrue (including bad faith claims, Article 21.21, or Article 21.55 claims) until the jury determined that the Plaintiffs were "legally entitled to recover" from the owner or operator of an uninsured/underinsured motor vehicle. 64 S.W.3d 467. The court concluded that the trial court abused its discretion in severing only some of the extra-contractual claims. *Id.*

Other Texas courts have held that when UM/UIM claims are combined with extra-contractual claims (including allegations of bad faith and/or violations of the Texas Insurance

538580.1 PLD 0004750 9142 PCS

Code Article 21.21 and/or Article 21.55), a severance is required to avoid undue prejudice to the insurer in its defense of the coverage dispute. *See In re Allstate Ins. Co*, 2003 WL 21026877 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (holding that it was an abuse of discretion not to sever the common law bad faith and the Article 21.21 claims from the UIM claim); *Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752-53 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (holding that severance and abatement of extra-contractual claims is required until all appeals are exhausted for the contractual claims); *U.S. Fire Ins Co v. Millard*, 847 S.W.2d 668 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) (holding that it was an abuse of discretion not to sever the extra-contractual claims from the UIM claim); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 261 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (holding that the bad faith and Insurance Code claims must be severed from the UIM claim to avoid prejudice).

## B.    Discovery Must Be Abated on the Extra-Contractual Claims.

Along with severance, abatement of discovery on the extra-contractual claims is necessary. Without abatement, Defendants would be unfairly prejudiced by having to conduct discovery and prepare for trial on claims which are not ripe until the jury has determined whether UM benefits are owed.

Texas law supports requests for abatement of discovery on the extra-contractual claims. In *United States Fire Insurance v. Millard*, Plaintiff filed an action against his uninsured motorist carrier seeking both uninsured motorist benefits and alleging extra-contractual claims for violations of the DTPA and the Texas Insurance Code. *Millard*, 847 S.W.2d 668 (Tex. App.—Houston [1st Dist.] 1993, rehearing denied). The insurer filed a motion to sever and abate the extra-contractual claims pending resolution of the underlying claim, which the trial court denied.

538580.1 PLD 0004750 9142 PCS

Certified Document Number: 57302594 - Page 5 of 7

*Id.* The appellate court, in ordering the trial judge to sever and abate the extra-contractual claims from the underlying action, specifically noted:

> [A]batement of the bad faith claims must necessarily accompany severance of those claims from the contract claim. Without abatement, the parties will be put to the effort and expense of conducting discovery and preparing for trial on claims that may be disposed of in a previous trial.

*Millard,* 847 S.W.2d at 673.

The majority of cases in Texas hold that when severance occurs, so does abatement. *See e.g. Northwestern Nat. Lloyds Ins. Co. v. Caldwell,* 862 S.W.2d 44 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (compelling the trial court to order abatement of all proceedings on the bad faith cause of action until final disposition of the underinsured motorist claim); *Texas Farmers Insurance Company v. Stem,* 927 S.W.2d 76 (Tex. App.—Waco 1996, orig. proceeding) (holding that the insurer was prejudiced and therefore entitled to severance and abatement of extra-contractual claims); *Mid-Century Ins. Co. of Texas v. Lerner,* 901 S.W.2d 749 (Tex. App.—Houston [14th Dist.] 1995, rehearing overruled) (holding that severance and abatement of extra-contractual claims is required until all appeals are complete for the contractual claims).

As the above cases show, this Court must abate all discovery on the extra-contractual claims until after the resolution of the UM claim.

## IV.
## Conclusion

Severance of Plaintiffs' extra-contractual claims should be granted because the claims are premature until there has been a determination of whether UM benefits are owed by GEICO. In conjunction with the severance, discovery on the extra-contractual claims must be abated as required by the multiple Texas appellate court rulings on this issue.

538580.1 PLD 0004750 9142 PCS

Certified Document Number: 57302594 - Page 6 of 7

WHEREFORE, PREMISES CONSIDERED, Defendant prays its Motion for Severance and Abatement be granted; that the UM/car wreck case alone proceed to trial and the extra-contractual claims be severed; that all discovery not relevant to the UM case be abated until after resolution of the UM case; and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

LORANCE & THOMPSON

By: _____

Phillip C. Summers
TBN: 19506600
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
**ATTORNEY FOR DEFENDANT,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 13th day of September, 2013.

_____

Phillip C. Summers

538580.1 PLD 0004750 9142 PCS

Certified Document Number: 57302594 - Page 7 of 7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 1, 2015

Certified Document Number:        57302594 Total Pages: 7

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2013-50259

| | | |
|---|---|---|
| LINDA HOLMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| GEICO INSURANCE COMPANY | § | 152ND JUDICIAL DISTRICT |

## ORDER FOR SEVERANCE AND ABATEMENT

The Court, after due and proper notice to all parties, considered Defendant Government Employees Insurance Company d/b/a GEICO's Motion to Sever and Abate, and the Court, after reviewing the pleadings and the evidence and hearing the arguments of counsel, finds the Motion is well-founded and that the motion should be **GRANTED**. It is, therefore,

**ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Sever and Abate is hereby GRANTED, and that Plaintiffs' extra-contractual allegations, which include:

(1)     violations of the Texas Insurance Code,

(2)     violations of the Texas DTPA,

(3)     breach of the duty of good faith and fair dealing, and

(4)     claims for attorney fees.

as well as the prayer for relief for these claims, are hereby severed from the original Cause No. 2013-50259; styled *Linda Holman v. GEICO* and this Court hereby orders the clerk of the Court to assign the severed action the separate Cause No. of 2013-50259-A (hereinafter the "A" case).

Defendant will pay for the cost of filing, and to copy the following documents and

538580.1 PLD 0004750 9142 PCS

Certified Document Number: 57302595 - Page 1 of 2

include them in the new file:

1. Plaintiff's Original Petition;
2. Defendant's Original Answer; and
3. Defendant's Motion to Sever and Abate and Order

All other relief not expressly granted is hereby denied.

SIGNED THIS ___ DAY OF _____, 2013.


_____
JUDGE PRESIDING


APPROVED AS TO FORM AND CONTENT:

**LORANCE & THOMPSON**


By: _____
Phillip C. Summers
TBN: 19506600
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
**ATTORNEY FOR DEFENDANT**


538580.1 PLD 0004750 9142 PCS

Certified Document Number: 57302595 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 1, 2015

Certified Document Number:        57302595 Total Pages:  2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT B

P-2
4B
PABAX

Filed 13 September 13 P4:34
Chris Daniel - District Clerk
Harris County
ED101J017713747
By: adiliani solis

CAUSE NO. 2013-50259

| | | |
|---|---|---|
| LINDA HOLMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| GEICO INSURANCE COMPANY | § | 152ND JUDICIAL DISTRICT |

## ORDER FOR SEVERANCE AND ABATEMENT

The Court, after due and proper notice to all parties, considered Defendant Government Employees Insurance Company d/b/a GEICO's Motion to Sever and Abate, and the Court, after reviewing the pleadings and the evidence and hearing the arguments of counsel, finds the Motion is well-founded and that the motion should be **GRANTED**. It is, therefore,

**ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Sever and Abate is hereby GRANTED, and that Plaintiffs' extra-contractual allegations, which include:

(1)     violations of the Texas Insurance Code,

(2)     violations of the Texas DTPA,

(3)     breach of the duty of good faith and fair dealing, and

(4)     claims for attorney fees.

as well as the prayer for relief for these claims, are hereby severed from the original Cause No. 2013-50259; styled *Linda Holman v. GEICO* and this Court hereby orders the clerk of the Court to assign the severed action the separate Cause No. of 2013-50259-A (hereinafter the "A" case).

Defendant will pay for the cost of filing, and to copy the following documents and

538580.1 PLD 0004750 9142 PCS

Certified Document Number: 61096287 - Page 1 of 2

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

include them in the new file:

1. Plaintiff's Original Petition;
2. Defendant's Original Answer; and
3. Defendant's Motion to Sever and Abate and Order

All other relief not expressly granted is hereby denied.

SIGNED THIS ___ DAY OF _____ **JUN 0 5 2014** ___, 2013.

JUDGE PRESIDING

APPROVED AS TO FORM AND CONTENT:

**LORANCE & THOMPSON**

By: _____

Phillip C. Summers
TBN: 19506600
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
**ATTORNEY FOR DEFENDANT**

538580 1 PLD 0004750 9142 PCS

Certified Document Number: 61096287 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 1, 2015

Certified Document Number:        61096287 Total Pages:  2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT C

NO. 2013-50259

| | | |
|---|---|---|
| LINDA HOLMAN<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 152ND JUDICIAL DISTRICT |
| CRYSTAL MACGIRR AND<br>GOVERNMENT EMPLOYEES<br>INSURNACE COMPANY<br>Defendants. | §<br>§<br>§<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## DEFAULT JUDGMENT

At the hearing on this cause, Plaintiff, Linda Holman, appeared and Defendant, Crystal Macgirr, although duly cited to appear by filing an answer herein, failed to file an answer within the time allowed by law and wholly defaulted.

The Court has considered the pleadings and official records on file in this cause and the evidence and is of the opinion that judgment should be rendered for Plaintiff.

It is accordingly ADJUDGED that Linda Holman, Plaintiff, recover from Crystal Macgirr, Defendant, judgment for-

1. On the claim of Negligence, the court finds in favor of Plaintiff, Linda Holman, against Defendant, Crystal Mcgirr, in the amount of $58,103.49.

Plaintiff's award includes a finding of:

a. $7,455.49 for reasonable medical care and expenses in the past;

b. ~~$1,500.00 for reasonable medical care and expenses in the future;~~

c. $30,000.00 for physical pain and suffering in the past;

d. $10,000.00 for physical pain and suffering in the future;

e. $7,500.00 for mental anguish in the past;

f. $1,000.00 for mental anguish in the future; and

I

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 62294446 - Page 1 of 2



g. $648.00 for lost wages in the past.

2.     Plaintiff, Linda Holman, is entitled to pre-judgment interest on the damages awarded herein, measured from December 13, 2014, at the rate of 5% per annum.

3.     Plaintiff, Linda Holman, is entitled to post-judgment interest on the total amount of the judgment and any pre-judgment interest awarded hereinabove, at the rate of 5%, per annum from the date this judgment is signed until paid.

4.     Cost are hereby taxed against Defendant.

**IT IS ORDERED** that Plaintiff, Linda Holman, is entitled to enforce this judgment through abstract, execution and any other process necessary.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on ___SEP. 1 0 2014_,2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

/s/ Peter J. Clarke
_____
Peter J. Clarke
Texas Bar No. 00797779
Errol A. Jones
Texas Bar No. 24070019
6001 Savoy Drive
Suite 305
Houston, TX 77036
Tel. (713) 339-3988
Fax. (713) 339-4669
Attorneys for Plaintiff Linda Holman

Certified Document Number: 62294446 - Page 2 of 2

2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 1, 2015

Certified Document Number:        62294446 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**